UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
DAVID PETEROY,

                Plaintiff,   **MEMORANDUM AND ORDER**
                                     Case No. 1:21-CV-3370-FB

   -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------x

*Appearances*:
*For the Plaintiff*:
CHRISTOPHER JAMES BOWES
54 Cobblestone Drive
Shoreham, New York 11786

*For the Defendant*:
BREON PEACE
United States Attorney
By: SARAH E. PRESTON
Special Assistant U.S. Attorney
Eastern District of New York
601 East 12th St., Room 965
Kansas City, MO 64106-2898

**BLOCK, Senior District Judge:**

      David Peteroy ("Peteroy") appeals the Commissioner of Social Security's ("Commissioner") final decision finding Peteroy not disabled and thus not entitled to disability insurance benefits ("benefits") under Title II of the Social Security Act. Before the Court are Plaintiff's motion for judgment on the pleadings and the Commissioner's cross-motion for judgment on the pleadings. For the reasons described below, Peteroy's motion is granted, the Commissioner's cross-motion is denied, and the case is remanded for the calculation of benefits.

I.

Peteroy filed an application for benefits on February 8, 2014. He alleged disability as of October 26, 2013 due to cervical and lumbar disc disease, elbow pain, knee derangement, and World Trade Center related sleep apnea and sinusitis. A.R. 246. His claim was denied on April 16, 2014. He requested a hearing to appeal his denial and appeared before an Administrative Law Judge ("ALJ") on January 12, 2016, and July 14, 2016. An ALJ found Peteroy not disabled on August 16, 2016. Plaintiff filed a subsequent application for benefits on January 16, 2018, which was denied on April 9, 2018.

Plaintiff then brought a civil action to challenge the Commissioner's final decision denying his February 2014 claim. On January 7, 2019, the District Court remanded for further proceedings. The Appeals Council remanded the case to the ALJ on March 20, 2019. In this order, the Appeals Council acknowledged Peteroy's January 16, 2018, application, and directed the ALJ to consolidate the claim files, analyze them according to the prior rules for evaluating medical evidence, and present a new decision.

Following a phone hearing on July 21, 2020, the ALJ issued a partially favorable decision on March 19, 2021, finding that Peteroy was and had been disabled since October 31, 2019, but was not disabled before that date. This became the final decision of the Commissioner and is therefore subject to judicial review.

Peteroy followed with this action challenging the determination that he was not disabled between October 26, 2013, and October 30, 2019.

## II.

In reviewing a final decision of the Commissioner, a district court must "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)). District courts will overturn an ALJ's decision only if the ALJ applied an incorrect legal standard, or if the ALJ's ruling was not supported by substantial evidence. *Id.* (citing *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Furthermore, remanding for calculation of benefits is appropriate when the record provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). In cases where reversal is based on the Commissioner's failure to sustain his

burden and show the plaintiff can fulfill sedentary work, "no purpose would be served by . . . remanding the case for rehearing." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983). Here, the parties agree that remand is warranted but disagree as to whether benefits may now be awarded. The Court's inquiry will therefore focus on the latter.

### III.

The record shows that Peteroy was disabled between October 26, 2013, and October 30, 2019, suffering from extensive limitations that prevented even sedentary work. Several doctors described Peteroy as disabled and unable to work during this period. Dr. Drucker, a physiatrist who examined Peteroy between January 15, 2014, and July 6, 2016, described him as "presently totally disabled and unable to partake in any significant employment" and explained that the disability was "permanent in nature." A.R. 372. Dr. Reiley, an orthopedist who treated Peteroy from December 13, 2013, through October 14, 2015, found that he had a "moderate to marked permanent disability and would be unable to work." A.R. 472. Dr. Chapman, a pain management specialist who treated Peteroy from September to October of 2015, expressed "doubt that he can ever hold a meaningful job secondary to these disabilities" in light of "the severity of his condition and pain, and limitations related to his cervical and lumbar spine." A.R. 503.

Dr. Stiler, a neurologist who treated Peteroy from March 5, 2014, to July 5, 2016, noted that Peteroy's ability to complete sedentary work "in an eight hour day" would be limited by his medication, which causes drowsiness. A.R. 477. Dr. Stiler also noted extensive limitations:

> 1. the patient is limited to less than 10. lbs. lifting for up to 1/3 of an eight-hour day; 2. The patient is limited to sitting for less than four hours in an eight hour day; 3. The patient is limited to standing and walking less than two hours in an eight hour day.

*Id.* Finally, state agency consultant C. Li, M.D. concluded from Peteroy's casefile that he could barely perform the full range of work required at the light exertional level. A.R. 649-651. Given that there is substantial evidence to support a finding of disability, and no contrary medical opinion, the Court finds that the record includes persuasive proof of disability.

A calculation of benefits is also merited on remand. The Commissioner proposes remanding the case for further proceedings because the ALJ failed to articulate her understanding of the medical recommendation with respect to the applicable rules for claims filed prior to March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (codified at 20 C.F.R. §§ 404, 416). This rule requires the ALJ to assign weight to each of the medical opinions and provide "good reasons" for not allotting controlling weight to the opinions from the claimant's treating physicians. *See* 20 C.F.R. § 404.1527. Here, remanding to correct this procedural error would risk

5

wasting judicial resources. Even if an ALJ were to make these revisions, it would not change the fact that Peteroy has already provided sufficient evidence that he was disabled between October 26, 2013 and October 30, 2019. The Court therefore remands the case for calculation of benefits.

## IV.

Peteroy's motion is granted, the Commissioner's motion is denied, and the case is remanded for the calculation of benefits. The Court reserves judgement on the calculation of reasonable attorney's fees.

**SO ORDERED.**

                                              /S/ Frederic Block
                                              FREDERIC BLOCK
                                              Senior United States District Judge

Brooklyn, New York
November 3, 2022