UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID PETEROY,<br><br>           Plaintiff,<br><br>-against-<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | **MEMORANDUM AND ORDER**<br><br>Case No. 21-CV-3370 |

*Appearances:*
*For Plaintiff*:
CHRISTOPHER J. BOWES
54 Cobblestone Drive
Shoreham, NY 11786

*For Defendant*:
BREON PEACE
United States Attorney
ERIN A. JURRENS
Special Assistant U.S. Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff David Peteroy ("Peteroy") obtained past-due disability benefits after this Court vacated the Social Security Administration's ("SSA") denial of his benefits claim. Pending before the Court is Attorney Christopher J. Bowes's ("Bowes") motion under 42 U.S.C. § 406(b) for $52,559.25 in attorney's fees.

      After this Court directed the Commissioner to find Peteroy disabled and award him benefits on November 3, 2022, SSA sent Peteroy a Notice of Award letter dated June 20, 2023, which advised him that he was due benefits and that $52,559.25 was being withheld for a potential attorney's fees request, which represented no more than 25% of his retroactive benefits. Bowes filed the instant

1

§ 406(b) motion on July 9, 2023. This Court previously awarded Bowes $7,350 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Bowes expended approximately 60.1 hours for services at the district court level.

**1. Timeliness**

Federal Rule of Civil Procedure 54(d)(2)(B) allows § 406(b) motions to be filed within fourteen days, plus a three-day mailing period, from "when the claimant receives notice of the benefits calculation." *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 91 (2d Cir. 2019). However, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89. Bowes filed the instant motion on July 9, 2023, 18 days after the Notice of Award Letter. Bowes explains that he did not file his § 406(b) motion earlier because he received a copy of Peteroy's Notice of Award on June 26, 2024. There is no indication that the Notice of Award Letter was mailed to Bowes earlier—only to Peteroy and his administrative counsel. This is sufficient to make Bowes's motion timely. *See Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-02868 (PKC), 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020) (enlarging the filing period and deeming a § 406(b) motion filed within 14 days of when counsel received notice to be timely).

## 2. Reasonableness of Fees Requested

Lawyers for prevailing plaintiffs in Social Security actions are entitled to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." 42 U.S.C. § 406(b). The Supreme Court has held that 42 U.S.C. § 406(b)'s "reasonable fee" provision allows contingency fee agreements, so long as they do not provide for a fee "in excess of 25 percent of the total past due benefits" and are "reasonable." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). Second Circuit courts weigh three factors when assessing the reasonableness of a fee agreement: (1) whether the proposed fee is below the 25% maximum; (2) whether it is the product of fraud or attorney overreach; and (3) whether it is so large as to be a windfall to the attorney. *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In 2022, the Second Circuit provided additional factors for assessing whether the attorney would receive a windfall: (1) the lawyer's ability and expertise and whether they were particularly efficient, (2) the nature and length of the professional relationship with the claimant, including any representation at the agency level, which can indicate the case's complexity, "the lawyering skills necessary," its risks, "and the significance of the result achieved in district court," (3) the claimant's satisfaction, and (4) how uncertain the award of benefits was and the effort it took to achieve it. *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (internal quotations omitted).

Here, Bowes requests a fee of $52,559.25, which SSA indicated is 25% of the retroactive benefits award. There is no evidence of fraud or overreach. Thus, the only question is whether an award of $52,559.25 for 60.1 hours of work (a de facto rate of $874.53 per hour) would constitute a windfall. This is within the range approved by courts and would not be a windfall. *See Hughes v. Saul*, No. 20-CV-01609 (ER), 2022 WL 2161191 at *1 (E.D.N.Y. Jun. 15, 2022) (approving de facto rate of $1,010.40); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100); *Fields*, 24 F.4th at 851, 856 (finding reasonable a fee request with a de facto hourly rate of $1,556.98); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (approving a $1,506.32 hourly rate). In addition, the hours spent on the federal case are reasonable. *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (collecting cases approving 40 or more hours). There are no objections to Bowes's expertise or the quality of his representation of Peteroy. Since 2018, Bowes has represented Peteroy in both administrative and federal court proceedings. No concerns about Peteroy's satisfaction with his representation have been raised.

Upon receipt of the requested attorney's fees, Bowes must refund his $7,350 EAJA award to Peteroy, as "the claimant's attorney must refund to the claimant the

amount of the smaller fee" between EAJA and § 406(b) fee awards. *Gisbrecht*, 535 U.S. at 789.

## CONCLUSION

The motion for attorney's fees is GRANTED. The Commissioner is ORDERED to disburse $52,559.25 to Bowes. Upon receipt of these funds, Bowes is ORDERED to remit the $7,350 EAJA award to Peteroy.

**SO ORDERED.**

                                            _/S/ Frederic Block_____
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
July 19, 2023